IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GSP Transportation Inc. 401(k), Plan Committee, | Civil Action No. 2:23-cv-814-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Summer Hall, Jessica Schoepfel, and Nicholas Schoepfel, | |
| Defendants. | |

This matter comes before the Court on Defendant Summer Hall's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 39). Defendants Jessica Schoepfel and Nicholas Schoepfel have filed a response in opposition, and Defendant Summer Hall has filed a reply. (Dkt. No. 44, 45). For reasons set forth below, the motion is denied.

## Factual Background

This action was commenced by Plaintiff, an ERISA plan administrator, as an interpleader action to address a dispute between Summer Hall, the alleged wife of Jeffrey Schoepfel, deceased, and Jessica and Nicholas Schoepfel, the children of Jeffrey Schoepfel, concerning who is entitled to funds under the plan payable at death to Jeffrey Schoepfel's "beneficiary." (Dkt. No. 1). Under the plan documents, if a beneficiary is not designated, the funds due at the participant's death are paid to the surviving spouse or, if there is no spouse, to the participant's children. (Dkt. No. 1-2 at 45). Jeffrey Schoepfel did not designate a beneficiary for his plan benefits prior to his death.

Defendants Jessica and Nicholas Schoepfel filed an answer to the Complaint in Interpleader asserting that Summer Hall was not the lawful spouse of Jeffrey Schoepfel because the purported marriage was legally invalid. (Dkt. No. 14 at 3). Summer Hall filed an answer affirmatively stating that she was the lawful wife of Jeffrey Schoepfel and asserted a crossclaim against Jessica and Nicholas Schoepfel seeking a declaratory judgment that she was the "surviving spouse" under the ERISA plan and entitled to the proceeds due a plan beneficiary. (Dkt. No. 15 at 2, 5-8). Jessica and Nicholas Schoepfel thereafter filed a crossclaim against Summer Hall seeking a declaratory judgment that the marriage certificate issued in California to Summer Hall and Jeffrey Schoepfel was procured by perjury and fraud and was not legally valid. (Dkt. No. 23 at 2-5).

Summer Hall filed a motion for judgment on the pleadings, asserting that she is the surviving spouse of Jeffrey Schoepfel and is entitled to the plan benefits. (Dkt. No. 39, 39-1). Jessica and Nicholas Schoepfel filed a response in opposition, noting that a motion under Rule 12(c) for judgment on the pleadings is appropriate only where a party is entitled to judgment as a matter of law after accepting all of the nonmoving parties' allegations as true and viewing all facts in a light most favorable to the parties opposing the motion. The motion has been fully briefed and is ripe for disposition.

## **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is

therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). "Rule 12(c)motions are governed by the same standard as motions brought under Rule 12(b)(6)." *Massey v. Ojanit*, 759 F.3d 343,347 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "To survive a motion to dismiss under Rule 12(b)(6) [or 12(c)] of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,550 U.S. 544, 570 (2007) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

## Discussion

Measured against these well established legal standards for addressing Rule 12(c) motions, it is abundantly clear that this is not a case that should be disposed of on a motion for judgment on the pleadings. If the Court accepted the submissions of Jessica and Nicholas Schoepfel as true, Summer Hall was never lawfully married to Jeffrey Schoepfel and would not be entitled to collect plan proceeds as a beneficiary. Instead, Jessica and Nicholas Schoepfel would have a strong claim for Jeffrey Schoepfel's death benefits under the plan. On the other

hand, if the marriage between Summer Hall and Jeffrey Schoepfel was lawfully obtained and remained intact at Jeffrey Schoepfel's death, Summer Hall would have a strong claim to the death benefits under the plan. At this early stage of this litigation, the claim of Summer Hall is vigorously disputed, making disposition by a judgment on the pleadings inappropriate. Summer Hall's motion for judgment on the pleadings (Dkt. No. 39) is **DENIED**.

      **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

October __, 2023
Charleston, South Carolina